# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OK CHA KIM, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-1685 |
| LORI JOY EISNER, | * | |
| Defendant | * | |

## MEMORANDUM

Initially filed in the United States District Court for the District of Columbia, Plaintiff Ok Cha Kim's complaint was brought against three sets of Defendants:

- The City of Baltimore Defendants—Mayor Catherine E. Pugh, Acting Solicitor David E. Ralph, and City Council President Bernard C. Young

- The State of Maryland Defendants—Governor Lawrence J. Hogan, Jr., Attorney General Brian E. Frosh, Assistant Attorney General Michele J. McDonald, Circuit Court for Baltimore City Administrative Judge W. Michel Pierson, Circuit Court for Baltimore City Associate Judge Kendra Young Ausby, and Circuit Court for Baltimore City General Equity Magistrate Lori Joy Eisner

- The Trustee Defendants—Rachel Kiefer and Bradley Harris.

(Compl., ECF No. 1.) The complaint is rambling and full of bald allegations and legal argument that the Defendants violated various legal rights in connection with a foreclosure action for property apparently owned by Kim in Baltimore City. (*Id.*)

The District of Columbia court found venue improper in that district and transferred the case to this Court. (Order May 31, 2017, ECF No. 7.) Pending before the Court are motions to dismiss filed by the three sets of Defendants. (ECF Nos. 4, 5, 6.) Kim has filed opposition responses to the motions (ECF Nos. 8, 9, 10), and they are ripe for disposition. No hearing is necessary. Local Rule 105. 6 (D. Md. 2016).

The Court concludes, for the reasons stated by Defendants, the following:

1. The complaint fails to state a claim for relief and will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint is devoid of sufficient factual allegations to permit the Court to infer that any Defendant engaged in any wrongful conduct with respect to Kim.

2. All of the State Defendants have been sued in their official capacities. Kim's complaint is premised upon the federal civil rights statutes, 42 U.S.C. §§ 1981, 1983, and 1985, as the vehicles for assertion of various claimed constitutional violations. A suit brought against the State Defendants in their official capacities is deemed a suit against the State of Maryland. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting governmental entity is "real party in interest" in official capacity suit). Kim requests declaratory and injunctive relief as well as damages. Any damage claim in this federal court case is barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (Eleventh Amendment immunity extends to suits against State by its own citizens). Kim's complaint otherwise asks the Court to declare that Defendants have engaged in constitutionally proscribed conduct and to enjoin them "to stop engaging in such unconstitutional and unlawful acts." Because no cognizable cause of action can be found in Kim's complaint, the requests for declaratory and injunctive relief are without

factual foundation and are, consequently, insufficient to prevent dismissal of all of the State Defendants on the basis of their Eleventh Amendment immunity.

3. The Trustee Defendants, who are seeking the foreclosure of Kim's property in their Maryland State court action, are private actors and have not acted under color of state law. The complaint, therefore, fails to state a claim for relief against them.

Accordingly, the three motions to dismiss will be granted, and Kim's motions to strike, for entry of default, for summary judgment, for declaratory judgment, to convene a three-judge court, and for prospective injunctive relief (ECF Nos. 8, 9, 10, 11, and 12) will be found moot. A separate order will follow.

DATED this 28th day of June, 2017.

BY THE COURT:

/s/
James K. Bredar
United States District Judge